# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO TORRES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,[1]<br><br>　　　　Defendant.<br>_____/ | Case No. 1:23-cv-01469-SKO<br><br>ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(Doc. 1) |

## I.　　INTRODUCTION

On October 13, 2023, Plaintiff Humberto Torres ("Plaintiff") filed a complaint under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). (Doc. 1.)  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

---

[1] On December 20, 2023, Martin O'Malley was named Commissioner of the Social Security Administration. *See* https://www.ssa.gov/history/commissioners.html.  He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [their] official capacity, be the proper defendant.").

[2] The parties have consented to the jurisdiction of the U.S. Magistrate Judge.  (*See* Doc. 10.)

## II. BACKGROUND

### A. Plaintiff's DIB Application

Plaintiff was born on January 26, 1975, and was 42 years old on the alleged disability onset date. (Administrative Record ("AR") 33, 79, 97, 189, 215, 238, 259, 1090, 1225, 1485, 1491.) Plaintiff has a high school education and previously worked in a warehouse. (AR 33, 218, 227, 247, 1090, 1225, 1535, 1562.)

On March 5, 2018, Plaintiff protectively filed a claim for DIB payments, alleging he became disabled on January 19, 2017, due to "multiple traumatic injuries due to line of work," including pain in his wrists, shoulders, knees, back, and neck. (AR 15, 80, 98, 113, 215, 226, 238, 247, 259, 1579.) The Commissioner denied Plaintiff's application for benefits initially on July 11, 2018, and again on reconsideration on June 21, 2019. (AR 15, 111, 113–16, 1059, 1207.)

### B. The ALJ's Prior Decision

Following a hearing, an Administrative Law Judge (ALJ) issued a written decision on October 30, 2020, finding Plaintiff not disabled. (AR 15–35, 1207–27.) Pertinent here, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC")[3]:

> to perform sedentary work, as defined in 20 CFR 404.1567(a), except he can occasionally balance, stoop, crawl, and climb. He can never kneel or crouch. He can never reach overhead bilaterally. He cannot perform repetitive gripping or grasping, defined as no more than four hours total in an eight-hour workday. He can understand, remember, and carry out simple, routine tasks that can be learned and mastered in up to 30 days' time or less. At such levels, he can maintain concentration, persistence, and pace within customary norms; make simple work-related decisions; plan and set goals; adapt to routine workplace changes; travel; and recognize and avoid ordinary workplace hazards.

(AR 22, 1214.) Based on this RFC assessment, the ALJ determined that Plaintiff could not perform his past relevant work (step four) but given his RFC, he could perform a significant number of jobs

---

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. Social Security Ruling 96-8p. The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, *inter alia*, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

in the national economy (step five).  (AR 33–34, 1225–26.)  Plaintiff sought review of this decision before the Appeals Council, which denied review on March 2, 2021.  (AR 1–6.)

**C.    Remand for Further Proceedings**

Plaintiff appealed the decision to the district court on May 3, 2021.  (AR 1354.)  On May 24, 2022, the parties filed a stipulation agreeing to a voluntary remand of the matter pursuant to sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. 405(g).  (AR 1290–91.)  The Court granted the parties' stipulation remanded the action for further proceedings on May 25, 2022.  (AR 1287–88.)

On July 18, 2022, the Appeals Council issued an order remanding the case for "[f]urther evaluation of whether there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."  (AR 1350–51.)  The Appeals Council directed the ALJ, upon remand, to: "As warranted, give further consideration to [Plaintiff's] maximum [RFC] and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 CFR 404.1545 and Social Security Ruling 96-8p)" and "Obtain supplemental evidence from a vocational expert ["VE"] to clarify the effect of the assessed limitations on [Plaintiff's] occupational base, consistent with the above guidance (Social Security Rulings 83-12, 83-14, 85-15, and 96-9p)."  (AR 1351.)  The ALJ was to "offer [Plaintiff] the opportunity for a hearing, address the evidence which was submitted to the Appeals Council, take any further action needed to complete the administrative record, and issue a new decision."[4]  (AR 1351.)

**D.    The ALJ's Current Decision**

In a decision dated March 17, 2023, the ALJ once again found that Plaintiff was not disabled, as defined by the Act.  (AR 1059–92.)  The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. §§ 404.1520, 416.920.  (AR 1062–92.)  The ALJ decided that Plaintiff met the insured status requirements of the Act through June 30, 2022, and there had been at least one 12-month period during which Plaintiff did not engage in substantial activity prior to June 6, 2022  (step one).  (AR 1062–63.)  At step two, the ALJ found Plaintiff's following impairments to be severe:

---

[4] The Appeals Council also noted that Plaintiff filed subsequent claims for DIB and SSI on June 21, 2021, which were deemed duplicative and were consolidated for purposes of the new decision.  (AR 1351.)

degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, left elbow cubital tunnel syndrome, left knee degenerative joint disease, bilateral carpal tunnel syndrome, left long finger trigger finger, degenerative joint disease of the bilateral shoulders, and depressive disorder. (AR 1063–65.) Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 1065–68.)

The ALJ assessed Plaintiff's RFC and applied the assessment at steps four and five. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the RFC:

> to perform the full exertional range of light work, as defined in 20 CFR 404.1567(b) and 416.967(b), including the ability to lift and/or carry 20 pounds occasionally and 10 pounds frequently, except he can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; can never climb ladders, ropes, and scaffolds; can frequently handle bilaterally; and can never reach overhead bilaterally. He can understand, remember, and carry out simple instructions that can be learned and mastered in up to 30 days' time or less. At such levels, he can maintain concentration, persistence, and pace, make simple work-related decisions, plan and set goals, adapt to routine workplace changes, travel, and recognize and avoid ordinary workplace hazards.

(AR 1068–69.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to produce the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the objective medical and other evidence for the reasons explained in this decision." (AR 1075.)

The ALJ determined that Plaintiff could not perform his past relevant work (step four) but given his RFC, he could perform a significant number of jobs in the national economy (step five). (AR 1090–91.) In making this determination, the ALJ posed a series of hypothetical questions to the VE at a hearing. (AR 1196–99.) The VE testified that a person with the RFC specified above could perform the jobs of counter clerk, bakery inspector, and tank tender (food processing industry). (AR 1197.) The ALJ ultimately concluded Plaintiff was not disabled from January 19, 2017, through the date of the decision. (AR 1091–92.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on August 23, 2023.  (AR 1050–52.)  Therefore, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. §§ 404.981, 416.1481.

### III.     LEGAL STANDARD

**A.    Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* at § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act."  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920.  The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments.  If not, the claimant is not disabled.  If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1.  If so, the claimant is automatically presumed disabled.  If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy.  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also* 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants).  "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps."  *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

5

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.   Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). *See also Ford v. Saul*, 930 F.3d 1141, 1153–54 (9th Cir. 2020). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, (1938)). *See also Ford v. Saul*, 930 F.3d 1141, 1153–54 (9th Cir. 2020). "This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.") (citations omitted).

In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir.

1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quoting *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.    DISCUSSION

Plaintiff's sole allegation of error is directed to the ALJ's assessment of Plaintiff's physical RFC. (*See* Doc. 14 at 23–30.) Plaintiff does not, however, challenge the sufficiency of the evidence supporting the RFC. Instead, he asserts that on remand the ALJ (1) "failed to follow the direction of the Appeals Council" and (2) did not explain "when and why"—between the ALJ's prior and current decisions—there was either "improvement in Plaintiff's functional capacity" or Plaintiff's subjective complaints "warranted a greater degree of functioning" such that a more restrictive RFC was found. (*Id*. at 25, 26, 29.) Neither argument has merit.

First, it was appropriate for the ALJ to reassess Plaintiff's RFC because that is precisely what the Appeals Council directed the ALJ to do in issuing a new decision: "As warranted, give further consideration to [Plaintiff's] maximum [RFC] and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations" (AR 1351). *See Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016) (stating in the social security context that the ALJ may "reexamine any issue on remand that is not inconsistent with the mandate" by the remand order). *See also Whaley v. Colvin*, No. CV 12-04888 SS, 2013 WL 1855840, at *14 (C.D. Cal. Apr. 30, 2013) (finding nothing prohibiting an ALJ from reconsidering claimant's RFC on remand, where court remanded on Step 5 issue and did not specifically preclude the ALJ from reconsidering claimant's RFC but rather allowed the ALJ to "otherwise re-evaluate his decision").

Next, Plaintiff criticizes the ALJ for not explaining "when and why" the medical evidence

and Plaintiff's subjective complaints showed his condition improved after the ALJ's prior decision, resulting in a more restrictive RFC in the current decision.  But the ALJ cannot be faulted for failing to explain their rationale for concluding there was improvement in Plaintiff's condition because they did not reach such a conclusion.  Instead, as the Appeals Council directed (*see supra*), the ALJ began anew.[5]  (AR 1351.)  In a 46-page decision, the ALJ reexamined all the evidence in the record over the entire relevant period, reassessed Plaintiff's RFC, and rendered a new disability determination, irrespective of the prior decision.  (*See* AR 1056–1102.)  Again, Plaintiff does not claim that his reassessed RFC is not supported by substantial evidence.  The Court therefore finds no error.

## V.    CONCLUSION AND ORDER

After consideration of Plaintiff's and Defendant's briefs and a thorough review of the record, the Court finds that the ALJ's decision is supported by substantial evidence and is therefore AFFIRMED.  The Clerk of Court is DIRECTED to enter judgment in favor of Defendant Martin O'Malley, Commissioner of Social Security, and against Plaintiff.

IT IS SO ORDERED.

Dated:    **July 25, 2024**                    /s/ *Sheila K. Oberto*
                                                                            UNITED STATES MAGISTRATE JUDGE

---

[5] This is not a situation, for example, where the ALJ was directed to determine whether Plaintiff had experienced "medical improvement" such as to warrant a cessation of previously awarded disability benefits.  *See* 20 C.F.R. §§ 404.1594, 416.994.